UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**PATRICIA KENNEDY,**

        Plaintiff,

v.                                                                      Case No: 8:20-cv-367-WFT-CPT

**NISHA, INC.,**

        Defendant,
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, by and through undersigned counsel, hereby submits this Notice Of Supplemental Authority in support of her Opposition to Defendant's Motion to Dismiss Amended Complaint [DE12].

In *Parks v. Richard and Shipwreck Motel, Inc.*, 2:20-cv-227, DE 28 (M.D. Fla. 7/21/20), attached hereto as Exhibit A, a court in the Middle District of Florida recently rejected mootness arguments substantially identical to those raised by the Defendant in the instant case. There, the defendant had argued that it shut down its main website and that it was not responsible for its online reservations system operated through third parties. The court rejected this argument.

First, the court held that defendant was responsible for discriminatory websites operated through third parties. Second, the court held that the case was not moot by simply closing down one discriminatory website and continuing to discriminate through others.

Most significantly, the Court held that a defendant hotel cannot moot a case involving discriminatory online reservations systems. In this regard, the court stated as follows:

    On top of the plain regulatory language, case law cautions against a mootness

1

finding....And as another [court] explained, a defendant who brings its website into compliance does not automatically moot an ADA claim. *Kennedy v. Floridian Hotel, Inc.*, No. , 2018 WL 10601977, at *3 n.3 (S.D. Fla. Dec. 7, 2018). But the coup de grâce for this Motion is *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018). There, the Eleventh Circuit held an ADA e-tester case was not moot simply because defendant entered a remediation plan as part of settlement in separate (but identical) ADA litigation. *Id*. at 783-84. *Hooters* reasoned, "even if [defendant's] website becomes ADA compliant, [plaintiff] seeks injunctive relief requiring [defendant] to maintain the website in a compliant condition." *Id*. at 784. This case is analogous. Even though Shipwreck no longer maintains an ADA violating website, Parks seeks an injunction to ensure third party websites comply with the requirements. So like *Hooters*, the Court cannot declare the case moot because there is still a live dispute and Parks may be able to obtain relief. *Id*. at 784. What is more, nothing stops Shipwreck from reactivating its website right after this case. See *[Friends of the Earth, Inc. v.] Laidlaw [Environmental Servs. (TOC), Inc*.], 528 U.S. [167] at 190 [(2000)]. While the Court need not decide the issue given the third-party sites, Parks may be able to obtain an injunction to prevent Shipwreck from reestablishing a website with ADA deficiencies.

        s/ *Philip Michael Cullen, III, Esq.*
        PHILIP MICHAEL CULLEN, III
        Chartered
        Fla. Bar No: 167853
        621 South Federal Highway, Suite Four
        Fort Lauderdale, Florida 33301
        Telephone: (954) 462-0600
        Facsimile: (954) 462-1717
        CULLENIII@aol.com.com

I HEREBY CERTIFY that, on July 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

        /s/ *Philip Michael Cullen, III, Esq.*